# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

    -vs-                                     CRIMINAL No. 94-0012 LH

GUY WILLIAM WOOLDRIDGE,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's *pro se* Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582 and Amendment 782 (ECF No. 46), filed March 2, 2015; the United States' Motion for Order Regarding Defendant's Ineligibility to Reduce [sic] Sentence ("Motion Ineligibility") (ECF No. 52), filed August 3, 2016; and the Order to Show Cause (ECF No. 51), filed July 26, 2016.  Counsel for Defendant was appointed on May 3, 2015.  The Court, having reviewed the Motions, the record in this matter, and the applicable law, finds that the government's Motion is well taken and it will be **granted** and that Defendant's Motion must be **dismissed for lack of jurisdiction**.  The Court further finds that the Order to Show Cause will be **quashed**.

On April 7, 1994, a jury found Defendant guilty on all four counts charged in the Indictment: Count I, Possession with Intent to Distribute More Than 1 Kilogram of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count II, Distribution of More Than 1 Kilogram of

Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); Count III, Carrying and Use

of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1); and Count IV,

Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2).  Due

to a prior felony drug conviction, Defendant was subject to a statutory mandatory minimum sentence

of 20 years imprisonment for both Counts I and II.  He also was subject to a statutory mandatory

sentence of 5 years imprisonment for Count III, to be served in addition to the sentence imposed for

the drug trafficking crimes, and a maximum sentence of 120 months for Count IV.  On July 6, 1994,

the Court sentenced Defendant to 240 months each for Counts I and II and 120 months for Count IV,

the sentences to be served concurrently.  The Court also sentenced Defendant to 60 months for

Count III, to be served consecutively to the other sentences, for a total term of imprisonment of 300

months.

The United States argues that Defendant is ineligible for resentencing under 18 U.S.C.

§ 3582(c)(2) and Amendment 782 to the Sentencing Guidelines because he was sentenced to a

statutory mandatory minimum sentence under 21 U.S.C. § 841(a)(1)(A).   Counsel for Defendant

took no position on the government's Motion.  Mot. Ineligibility 1.


As the Tenth Circuit Court of Appeals has held,

[s]entence modification under § 3582(c) does not amount to "resentencing," and a
district court does not have discretion to sentence below the statutorily mandated
minimum sentence that applied when the defendant was initially sentenced.

*United States v. Lucero*, 713 F.3d 1024, 1028 (10th Cir. 2013) (citing *United States v.  Cornelius*,

696 F.3d at 1326–27 (10th Cir. 2012) and quoting parenthetically *United States v. Berry*, 701 F.3d

374, 377–78 (11th Cir. 2012) (affirming denial of a § 3582(c)(2) motion to reduce sentence because

"[n]othing in the F[air] S[entencing] A[ct] extinguishes the statutory mandatory minimum sentence or penalty already imposed in Berry's case before the FSA's enactment")).

Thus, because the sentence Defendant currently is serving is based on the statutory mandatory minimum term of imprisonment, not upon a sentencing range that has subsequently been lowered by the United States Sentencing Commission, the Court lacks jurisdiction to consider Defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Lacy*, 332 F. App'x 453, 454 (10th Cir. 2010) ("While this case involves a different amendment to the Guidelines [than in *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997)], the same rule applies. [Defendant] was sentenced pursuant to a statutory minimum, and thus a change to the Guidelines does not provide the grounds to lower his sentence."); *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) ("[Defendant's] sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' *see* 18 U.S.C. § 3582(c)(2). . . . Thus, the district court should have dismissed [defendant's] motion without considering its merits."); *United States v. Novey*, 78 F.3d 1483, 1486 (10th Cir.1996) (citing *Neal v. United States*, 516 U.S. 284, 290, 294 (1996)) ("[T]he Sentencing Commission does not have the authority to override or amend a statute."); *see also* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(A) (Nov. 1, 2011) (". . . a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."). Furthermore, the parties having complied with the Court's Order to Show Cause, it will be quashed.

WHEREFORE,

**IT IS HEREBY ORDERED** that United States' Motion for Order Regarding Defendant's Ineligibility to Reduce [sic] Sentence (ECF No. 52), filed August 3, 2016, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's *pro se* Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582 and Amendment 782 (ECF No. 46) is **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS FURTHER ORDERED** that the Order to Show Cause (ECF No. 51), filed July 26, 2016, is **QUASHED**.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**